RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE    11 / 03 / 06
BY      _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CEDRIC D. SPEARS | DOCKET NO. 06-CV-1214 |
| VERSUS | JUDGE DRELL |
| WARDEN YELVERTON, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Cedric D. Spears, filed *in forma pauperis* on July 18, 2006. Spears is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is currently incarcerated at the Morehouse Detention Center in Collinston, Louisiana. Prior to that, Spears was incarcerated at the Morehouse Parish Jail in Bastrop, Louisiana and the LaSalle Parish Jail in Jena, Louisiana. Spears claims that the Morehouse jails and the LaSalle Parish Jail do not have adequate law libraries. He also alleges that he was denied access to the courts and was transferred from LaSalle to Morehouse in retaliation for filing an administrative complaint. He names as defendants Warden Yelverton of the LaSalle Parish Jail, D. Allen of the LaSalle Parish Jail, Warden Billy Harris of the Morehouse Parish Jail, and Richard Stalder of the Louisiana Department of Corrections.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court. For the following reasons, it is recommended that Plaintiff's complaint be DENIED and DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff has alleged:

1. On January 13, 2005, Plaintiff was sentenced to serve 8 and one half years in the custody of the Department of Corrections, and he was housed at the LaSalle Parish Jail. [Doc. #1-1, p.3]

2. On June 8, 2006, Plaintiff wrote a complaint to Warden Yelverton stating that he had been trying to get some papers copied in the law library for several weeks and that he was being denied access to the courts. [Doc. #1-1, p.3]

3. On June 8, 2006, Plaintiff also wrote to inmate banking asking them to fill out an *in forma pauperis* application for him. [Doc. #1-1, p.3]

4. On June 9, 2006, Plaintiff was called to the warden's office to discuss his complaint. Plaintiff told the warden that he wanted to file a habeas corpus case and needed one hundred and forty copies made. Plaintiff did not have enough money in his account to pay for all of the copies, and the warden told him that the prison did not extend credit.

5. Plaintiff was sent back to his dorm. Four hours later, a guard told the plaintiff to pack his things; at 5:00 p.m., the plaintiff was transferred to Morehouse Parish Jail. [Doc. #1-1, p.4]

6. On June 11, 2006, Plaintiff made a request to use the Morehouse Parish Jail library.

7. On June 18, 2006, Plaintiff filed an administrative complaint stating that he wanted to have his one hundred and forty copies made, and he wanted to help Morehouse Parish Jail establish a good library for the prisoners.

8. On June 19, 2006, Warden Harris called Plaintiff to his office to discuss the Administrative Remedy Procedure ("ARP") that Plaintiff had filed. The warden copied all of the plaintiff's one hundred and forty pages of documents for him. However, the plaintiff still complains that the library is inadequate.

9. Plaintiff then sent a complaint to Richard Stalder regarding the inadequate library at LaSalle Parish Jail and Morehouse Parish Jail. [Doc. #1-1, p.4]

10. On October 6, 2006, Plaintiff was transferred from the Morehouse Parish Jail in Bastrop, Louisiana, to the Morehouse Detention Center in Collinston, Louisiana. [Doc. #7, p.3]

11. Upon arrival at the Morehouse Detention Center, Plaintiff's hair was cut off and his books were taken from him. Plaintiff complains that he has no case books to help him amend should the court again order him to do so.

12. The Morehouse Detention Center also has an inadequate law library because they are missing "several books" such as "all state case southern reporters books."

Plaintiff seeks the appointment of counsel, one hundred and eighty thousand dollars in damages, and he requests that he be transferred to any facility other than the parish jails in LaSalle, Morehouse, Richwood, Catahoula, Concordia, or Claiborne Parishes.

## LAW AND ANALYSIS

1. **Appointment of Counsel**

Plaintiff requested that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d.

3

405 (5th Cir. 1985).[1] In this civil rights case, Plaintiff has alleged that he was transferred to another facility in retaliation for filing an ARP complaint and that the prisons in which he was confined did not have adequate law libraries, thereby violating his right of access to the courts. These claims are not atypical of those often asserted in civil rights litigation, and they are not complex. The appointment of counsel would not shorten the trial and is not necessary for a just determination because this case is one that can be disposed of on the face of the complaint. Accordingly, Plaintiff's request for appointment of counsel should be denied as the allegations contained in the complaint do not demonstrate "exceptional circumstances," which would warrant the appointment of counsel at this time.

2.  **Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law

---

[1] No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have counsel appointed to assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. 290, 293, n.14 (5th Cir. 1992)

[2] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

### 3. Transfer to another prison

Plaintiff claims that he was illegally transferred from LaSalle Parish Jail to the Morehouse Parish Jail in retaliation for filing an ARP at the LaSalle facility. The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 8-9 (D. La. 2006), Santos v. La. Dept. of Corr. Secretary, 1996 U.S. Dist. LEXIS 2331, 1996 WL 89260 at 4 (E.D. La. Feb. 28, 1996) (noting that La. Rev. Stat. Ann. §15:824(A), (B) does not give DOC prisoners a constitutionally protected right to be housed in a particular facility); see also La. Rev. Stat. Ann. § 15:566(B); State v. Sylvester, 648 So.2d 31, 33 (La. App. 4th Cir. 1994). The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department. La. R.S. § 15:824.

"Thus, the State of Louisiana by its broad discretionary statutes has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another." See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 8-9 (D. La. 2006); citing Santos,

1996 U.S. Dist. LEXIS 2331, 1996 WL 89260 at 4. Therefore, Plaintiff had no constitutional right to be housed at LaSalle Parish Jail. He has no constitutional right to a transfer, and his request for transfer is frivolous.

4.     **Prison Library & Access to Courts**

Plaintiff claims that LaSalle Parish Jail, Morehouse Parish Jail, and Morehouse Detention Center all have inadequate law libraries. Plaintiff further argues that his "case books" were taken from him when we was transferred to the Morehouse Detention Center. Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. See Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Id.

Significantly, to state a claim that the constitutional right of access to the courts was violated, a prisoner must demonstrate that his position as a litigant was **actually prejudiced**. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 10-12 (D. La. 2006), citing Lewis v. Casey, 518 U.S. 343, 351-52, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. Plaintiff Spears claims that the deficient libraries were hindering his ability to file a Petition for Writ of Habeas Corpus and that, if the Court asks him to amend again in the instant case, he might be unable to do so.

First, Plaintiff cannot establish actual prejudice by what he thinks might or might not happen

6

in the future. Second, Plaintiff was certainly able to file a Petition for Writ of Habeas Corpus; he filed such a petition on June 29, 2006. He also filed a Motion to Proceed In Forma Pauperis on that date, and he filed a statement of account on August 25, 2006. Furthermore, it is noted that the warden at the Morehouse Parish Jail had over one hundred copies made for the plaintiff despite the fact that Plaintiff did not have the money to pay for the copies. Plaintiff cannot establish that he was denied meaningful access to the courts; his claim is frivolous.

For the foregoing reasons, Plaintiff has failed to state a claim for which relief can be granted; his complaint is frivolous and should be dismissed as such.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 3rd day of November, 2006.

James D. Kirk
UNITED STATES MAGISTRATE JUDGE